# 5533.

(Court of Appeal, Parish of Orleans.)

# THOMAS ALBERT CLARK vs. TEXAS & PACIFIC RAILROAD COMPANY.

Questions of fact only are involved.

Appeal from the Civil District Court, Division "B."

O. S. Livaudais, for plaintiff and appellee.

Howe, Fenner, Spencer & Cocke, and E. Phelps, for defendant and appellant.

GODCHAUX, J.—Plaintiffs sues for damages suffered in the shipment of a carload of cattle to this city. The suit is predicated both upon unreasonable delay and upon lack of proper care and facilities during transit, as a result of which the cattle could not be offered for sale upon the market day contemplated (Friday), but had to be kept, fed and cared for until the market day on the following Monday.

It is conceded that the cattle arrived some twelve hours late and that defendant is responsible for the loss suffered if such delay was the proximate cause of the loss sustained. But defendant maintains that the loss was due to the condition of the cattle on arrival and that this condition was due, not to the delay, but to the lack of proper attention to them on the part of plaintiff, who, by the terms of the bill of lading, assumed the duty of feeding, watering and caring for them during transit.

The lower Court sustained plaintiff's claim in full and imposed upon defendant the penalty prescribed by Act 29 of 1908.

Our consideration of the case likewise leads us to the conclusion that plaintiff is entitled to recover. It is shown that at one point in the course of shipment the facilities furnished by defendant were such as to preclude the possibility of the cattle being properly cared for, fed and watered, and their condition on arrival may properly be attributed thereto in the absence of positive proof of any intervening cause. Moreover, notwithstanding their condition on arrival, they could have been put in shape to permit of their sale to advantage on Friday had they arrived on schedule time. For this delay and its consequences the defendant alone is responsible.

The difference in price between the Friday and the Monday Market was alleged to be one-half cent and the judgment allows recovery on that basis. Plaintiff's sole proof, however, is to the effect that the difference in price was from one-quarter to one-half a cent; and as the Court must adopt the lowest estimate, the judgment requires amendment in this regard, as well as in respect to the penalty, which, under the statute, is imposed only in the event that the full amount claimed is awarded.

It is accordingly ordered that the judgment be amended by reducing same from $386.35 to $223.85 and as thus amended the judgment is affirmed, plaintiff to pay the costs of appeal and defendant those of the lower Court.

Judgment amended.